# IN THE COURT OF APPEALS OF IOWA

No. 24-0784
Filed September 17, 2025

**JAMES ROBERT MCCURDY,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Story County, Jennifer Miller, Judge.

James McCurdy appeals the district court's order dismissing his untimely application for postconviction relief.  **AFFIRMED.**

Colin McCormack of Van Cleaf & McCormack Law Firm, LLP, Des Moines, for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee State.

Considered without oral argument by Schumacher, P.J., Chicchelly, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**MULLINS, Senior Judge.**

James McCurdy groomed and routinely abused a child victim over the course of eight years. In 2011, a Story County jury found McCurdy guilty of six counts of sexual abuse. We affirmed his convictions on direct appeal. *See State v. McCurdy*, No. 11-1605, 2012 WL 4901158, at *1 (Iowa Ct. App. Oct. 17, 2012). McCurdy is currently serving a 135-year combined prison sentence, subject to a 70% mandatory minimum.

In October 2023, McCurdy filed an application for postconviction relief under Iowa Code chapter 822 (2023). Typically, such an application must be filed within three years of final conviction. Iowa Code § 822.3. But McCurdy challenges the constitutionality of that rule, arguing section 822.3 violates the "1st, 5th, 6th, 8th, and 14th Amendments" when scrutinized under the historical-tradition test discussed in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). The district court dismissed McCurdy's application, finding *Bruen* was "clearly limited to the Second Amendment." McCurdy appeals.

Our court has repeatedly declined to second-guess the constitutionality of section 822.3 based on the Supreme Court's reasoning in *Bruen*. *See, e.g.*, *Burnett v. State*, No. 24-0724, 2025 WL 2237277, at *1 (Iowa Ct. App. Aug. 6, 2025); *Roach v. State*, No. 24-0074, 2025 WL 1453349, at *1 (Iowa Ct. App. May 21, 2025); *Neal v. State*, No. 24-0669, 2025 WL 1321447, at *1 (Iowa Ct. App. May 7, 2025). McCurdy offers no reason for us to do so today. Although he suggests the historical-tradition test reaches beyond the Second Amendment, he fails to flesh out any argument for why section 822.3 offends the various amendments he invokes. We therefore consider his claims waived. *See Ledesma*

*v. State*, No. 24-0479, 2025 WL 1322681, at *1 (Iowa Ct. App. May 7, 2025) (finding applicant waived his constitutional challenge to section 822.3 where he failed to explain how *Bruen*'s reasoning applied); *Thongvanh v. State*, No. 24-0783, 2025 WL 547744, at *1 (Iowa Ct. App. Feb. 19, 2025) (same).

Because we decline to consider McCurdy's undeveloped challenge to section 822.3, the statute's three-year limitation is binding in this case. We also agree with the district court that *Bruen* is not a "new ground of fact or law" that might offer McCurdy previously unavailable relief. Iowa Code § 822.3; *see also* *Burnett*, 2025 WL 2237277, at *1; *Thongvanh*, 2025 WL 547744, at *1. The district court properly dismissed his untimely application.

**AFFIRMED.**